## Appeal of OAKDALE COAL CO.                    Docket No. 1252.

Where no notice of deficiency is sent under subdivision (a) of section 274 of the Revenue Act of 1924, but only a notice is sent of assessment under subdivision (d) of that section, appeal will not lie until the taxpayer is notified of the Commissioner's action on a proper claim in abatement.

Submitted February 18, 1925; decided March 16, 1925.

*Addison S. Pratt, Esq.*, for the taxpayer.
*George K. Bowden, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

STERNHAGEN: On October 29, 1924, the Commissioner mailed the following letter to the taxpayer:

IT: CA–2554–3                                        OCT. 29, 1924.
OAKDALE COAL CO.,
    *Gas and Electric Building, Denver, Colorado.*
SIRS: In accordance with the provisions of section 274(d) of the Revenue Act of 1924, there has been assessed against you an income and excess profits tax amounting to $27,858.04 for the taxable year ended 8/31/1919, the details of which are set forth in the attached statements.

Under the provisions of section 279(a) of the Act you have the right to file with the Collector of Internal Revenue within ten days after notice and demand for payment, a claim for abatement of this tax or any part thereof. The claim should have attached to it all evidence and data upon which you

rely in support thereof, and should be accompanied by a bond not exceeding double the amount of the claim, with such sureties as the Collector deems necessary. When the claim is received by the Collector it will be transmitted to the Commissioner of Internal Revenue, Washington, D. C., who will notify you of the action taken.

Respectfully,

(Signed)      J. G. BRIGHT,
*Deputy Commissioner.*

From this the taxpayer attempts to appeal by a petition filed with the Board December 27, 1924, in which it is alleged that a claim in abatement was filed within 10 days. The Commissioner moves to dismiss the appeal because it is prematurely brought, alleging the letter, claim in abatement and bond, and the fact that the Commissioner has not yet acted in respect of the claim.

It will be noted that the notification from which the taxpayer appeals is not the notice of a determination of deficiency required by subdivision (a) of section 274, but is expressly stated to be a notice of assessment "in accordance with the provisions of section 274(d)." Here lies a clear difference between this situation and that under consideration in the *Appeal of California Associated Raisin Co.*, 1 B. T. A. 314, which was an appeal from a notification, not of a jeopardy assessment under 274(d), but of a determination of deficiency under 274(a), with an assessment subsequently made. We held that the notification under 274(a) gave a right to appeal which the Commissioner could not take away, even although he believed a jeopardy assessment was thereafter necessary. In other words, it was held that the right of appeal sanctioned by section 274(a) is created by the notification of a determination of deficiency and vests when such notification is mailed, and a right so vested can not be destroyed by the Commissioner from whose action the appeal is taken. If thereafter the assessment is made, whether for jeopardy or otherwise, it does not abrogate an appeal already pending or the right of appeal already vested, although by section 279 the taxpayer may acquire an alternative ground of appeal. Section 279 assures an appeal from adverse action upon a proper claim in abatement, so that the merits of the tax may be determined by the Board, but it does not destroy an existing right to appeal from a determination once made under 274(a). It is not reasonable to suppose that Congress intended the useless procedure which would be involved in dismissing one appeal only to await the filing of another on the same controversy. If after an appeal is filed the Commissioner favorably acts upon a claim in abatement, the original appeal can be voluntarily dismissed or *pro tanto* amended and the controversy proceed to a conclusion.

This, however, presupposes a notification under section 274(a) in cases where the Commissioner is required to send such a notification, and the taxpayer may appeal therefrom. The statute, however, expressly excepts one class of cases from the requirement of such notification of determination of deficiency, and that is the class of jeopardy assessments covered by subdivision (d). Thus it appears, as we tried to make clear in the *California Raisin Appeal, supra,* that it is not every case of assessment of additional tax that gives rise to an appeal under subdivision (a), but only the *usual* case, where, as we there said, "the Commissioner may not *as a general*

*thing* assess an amount if an appeal is filed or until the time for appeal has expired." Such an appeal, however, must be predicated upon the notice required by subdivision (a) and can not exist without such notice because another notice is sent, not under subdivision (a), but deliberately and expressly to advise the taxpayer that assessment is made under subdivision (d). In such a case the procedure does not arise from subdivision (a), and the only right to appeal is found in section 279 (b), which provides that the taxpayer may appeal from the Commissioner's denial of the abatement claim. The taxpayer has his day before the Board upon the merits of his tax liability, such appeal merely being postponed until the Commissioner has himself examined the merits; and the revenue is protected in a situation where the Commissioner has reason to believe the usual course inadequate.

The decision of this Board in the *Appeal of Wallach & Mayer, Inc.*, 1 B. T. A. 316, was made under certain misapprehensions. After its rendition the parties agreed that the facts therein did not bring it within the *California Raisin* decision and consented to a dismissal of the appeal. The *Wallach & Mayer* decision will, therefore, not be hereafter regarded as authority.

The motion of the Commissioner is granted, and the appeal is dismissed.