## APPEALS OF BELLE R. WEAVER AND ESTATE OF M. E. WEAVER.

Docket Nos. 2924, 3852. Submitted November 16, 1925. Decided April 21, 1926.

1. JOINT RETURNS OF HUSBAND AND WIFE.—In the case of a husband and wife residing in Louisiana and subject to the community property laws of that State, the husband is authorized to make return of income from community property, and such return, which contains a report of all the gross income produced by or accruing to both husband and wife, although made in the husband's name only, is the joint return required by law.

2. STATUTE OF LIMITATIONS.—The statute of limitations contained in section 277 (a) (2) of the Revenue Act of 1924, in respect to income-tax returns for the calendar year 1918, began to run on the day following the filing of the original returns in the instant cases, and its running can not be in any way affected or suspended by the later making of amended returns.

*W. W. Spaulding, Esq.*, for the taxpayers.
*B. G. Simpich, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

These appeals are from determinations of deficiencies for the calendar year 1918, in the case of Belle R. Weaver of $2,862.42, and in the case of the estate of M. E. Weaver of $2,654.22. Each of the petitioners pleaded that more than five years had run from the dates of filing the returns and the dates of mailing of the deficiency letters, and that any assertion of deficiencies was barred by the statute of limitations. The facts being substantially the same in each appeal, they were consolidated for hearing and argument pursuant to agreement by counsel.

### FINDINGS OF FACT.

During the calendar year 1918, Belle R. Weaver was the wife of S. P. Weaver and was then living with her husband. M. E. Weaver, since deceased, was then the wife of T. L. Weaver, and was during that year living with her husband. S. P. Weaver and T. L. Weaver were partners doing business as Weaver Bros., at Shreveport and Flora, La. S. P. Weaver was also the local manager for the Quachita Lumber Co., Monroe, La. Neither husband nor wife, in either case, had any income from any source other than the business of those partnerships, except that each of said parties had exempt interest on Liberty bonds, T. L. Weaver received dividends on the stock of domestic corporations in the amount of $1,030, and S. P. Weaver received a salary of $2,400 from the Quachita Lumber Co. of Monroe, La.

On the 14th day of March, 1919, S. P. Weaver made an income-tax return on Department Form 1040, for the year 1918, in which there was reported gross income from—

Salaries:

| | |
|---|---|
| Weaver Bros., Shreveport, La | $6, 000. 00 |
| Quachita Lumber Co., Monroe, La | 2, 400. 00 |
| Income from Weaver Bros. partnership | 14, 377. 82 |
| Total gross income | 22, 777. 82 |

For the year 1918, T. L. Weaver, on March 14, 1919, made an income-tax return on Department Form 1040 in which there was shown income from—

| | |
|---|---|
| Salaries, Weaver Bros., Flora, La | $6, 000. 00 |
| Income from Weaver Bros. partnership | 14, 377. 81 |
| Income from dividends on stock of domestic corporations | 1, 030. 00 |
| Total gross income | 22, 407. 81 |

In response to questions printed on said forms it was stated, in each case, that the taxpayer was, during the year 1918, married and living with his wife and that his wife made no separate return.

Each of the said returns was filed with the collector of the district of Louisiana on March 15, 1919, and was made in good faith as containing a report of all income from all sources received or accruing to the said parties and their respective wives during the year 1918. Pursuant to said returns, S. P. Weaver paid, within the time required by law, income taxes in the total amount of $3,125.12, and T. L. Weaver likewise paid taxes in the total amount of $2,700.94.

The captions of these returns carried only the names of S. P. Weaver and T. L. Weaver, respectively, and the forms bore only the signatures of the same persons.

Thereafter, and on or about March 3, 1921, the Commissioner caused to be published as Treasury Decision No. 3138, an opinion of the Attorney General, advising, in substance, that under the laws of the State of Louisiana all the gains and profits received or accruing to husband and wife were community property and that husband and wife might make separate income-tax returns, each reporting one-half of the community income, and have their liability to income taxes computed on the basis of separate returns.

Thereafter, and during the month of May, 1921, the persons hereinabove named sought to take advantage of the privilege apparently held out to them by said Attorney General's opinion, and for that purpose, and on the 24th day of May, 1921, the said S. P. Weaver caused to be prepared two Forms 1040, one of which he signed as a separate return for himself and the other he signed as agent as a separate return for his wife, Belle R. Weaver. In these two forms the same gross income, reported by him in March, 1919, was divided equally between himself and his wife, and the tax computed upon each of such forms was $1,124.23, total tax liability shown on the two forms $2,248.46. These two forms, together with a claim for credit or refund for the difference between the amount paid on the return made in March, 1919, and the two forms made in May, 1921, were filed with the collector of internal revenue of the district of Louisiana on May 27, 1921.

On the same day T. L. Weaver caused to be prepared two Forms 1040, one of which he signed as a separate return for himself and the other he signed as agent as a separate return for his wife, M. E. Weaver. In these two forms the same gross income reported by him in March, 1919, was divided equally between himself and his wife, and the tax computed upon each of such forms was $950.88, total tax shown on the two forms $1,901.76. These two forms, together with a claim for credit or refund of the difference between the amount paid on the return made in March, 1919, and the two forms made in May, 1921, were filed with the collector of internal revenue of the district of Louisiana on May 27, 1921.

On March 12, 1925, the Commissioner mailed to each of the petitioners herein so-called deficiency letters, dated on that day, in which he determined deficiencies against Belle R. Weaver, in the sum of $2,862.42, and the estate of M. E. Weaver in the sum of $2,654.22. These letters show that the asserted deficiencies are based upon an inquiry as to the gains and profits of the Weaver Bros. partnership, and that such inquiry developed that the respective shares of gains of said partnership accruing to the partners, respectively, were larger in amount than the amount theretofore reported in the returns previously made.

At the hearing the Commissioner admitted that the deficiency asserted against Belle R. Weaver should have been credited with and reduced by the amount of $1,124.23, and that the deficiency asserted against the estate of M. E. Weaver should have been credited with and reduced by the amount of $950.88.

Each of these petitioners pleaded as a complete defense against the asserted deficiencies the statute of limitations contained in section 277 of the Revenue Act of 1924. The Commissioner contends that said statute of limitations should be considered as having begun to run on May 27, 1921.

OPINION.

TRUSSELL: The taxes here in controversy are individual income taxes and are for the calendar year 1918. The statute levying such taxes is the Revenue Act of 1918, and section 223 of that Act provides:

That every individual having a net income for the taxable year of $1,000 or over if single or if married and not living with husband or wife, or of $2,000 or over if married and living with husband or wife, shall make under oath a return stating specifically the items of his gross income and the deductions and credits allowed by this title. If a husband and wife living together have an aggregate net income of $2,000 or over, each shall make such a return unless the income of each is included in a single joint return.

All of the income, except interest on Liberty bonds, and in one case of dividends on the stock of domestic corporations, and in the other of salary from Quachita Lumber Co., was produced by the business of the partnerships of which S. P. and T. L. Weaver were partners; neither of the wives had any separate estate or any partnership interest in the business of the partnerships as generally understood. However, the statutes of Louisiana contain provisions under which gains and profits accruing during the continuance of the marriage relation are regarded as the community property of husband and wife in equal parts. Portions of the

Louisiana statutory provisions (Revised Civil Code), cited by the Attorney General in his opinion published as Treasury Decision 3138, are as follows:

Art. 2332. The partnership, or community of acquets or gains, need not be stipulated; it exists by operation of law, in all cases where there is no stipulation to the contrary.

Art. 2399. Every marriage contracted in this State, superinduces of right partnership or community of acquets or gains, if there be no stipulation to the contrary.

Art. 2402. The partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estates which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase.

Art. 2404. The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.

All persons involved in these appeals, in respect to their domestic and property relations, and the two partnerships, in respect of their businesses, were subject to and governed by the foregoing provisions of the Louisiana statutes. By virtue of the adoption of the Attorney General's opinion as published in T. D. 3138, it appears to have become the settled practice in the Treasury Department to accept separate individual income-tax returns by husbands and wives in which the so-called community income may be equally divided between the two and income taxes computed upon such basis. It will be observed that the above-quoted article 2404 of the Louisiana statutes provides that " the *husband* is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife."

It thus appears that, under this statute, S. P. Weaver and T. L. Weaver possessed ample authority to manage, dispose of, and to alienate the gains and profits accruing to or produced by the business of Weaver Bros., or other enterprises in which they were interested, as they saw fit and in accordance with their own best judgment; that the authority to administer and dispose of gains and profits includes the right and the duty to make income-tax returns required by the United States Revenue Acts; and that when,

on March 14, 1919, they prepared and filed forms of income-tax returns for the calendar year 1918 purporting to be made in accordance with section 223 of the Revenue Act of 1918, and in preparing such returns included therein all the items of gross income and allowable deductions pertaining to both themselves and their wives and the respective shares of the net income of the partnership of Weaver Bros. computed "in accordance with the method of accounting regularly employed in keeping the books of such" partnership (Revenue Act of 1918, section 212 (b)) such returns were not only the income-tax returns of S. P. and T. L. Weaver, respectively, but were also the joint returns of each husband and wife, respectively, as required by law.

The forms of returns filed on May 27, 1921, contain no facts concerning gross income or allowable deductions which were not contained in the returns made on March 15, 1919. The forms last filed purported only to divide the same gross income and the same allowable deductions equally between husband and wife in each case. Such forms of return are simply amendments of the original joint returns and relate back to and become a part of the original joint return. The Board has held in the *Appeals of National Refining Co. of Ohio*, 1 B. T. A. 236; *Mabel Elevator Co.*, 2 B. T. A. 517; and *New York Trust Co.*, 3 B. T. A. 583, that amended returns, not being returns required by law, do not furnish a starting point for the running of the statute of limitations, and we are, therefore, brought to the conclusion that in each of the present cases the five-year statute of limitations provided for in section 277 (a) (2) of the Revenue Act of 1924 began to run on the 16th day of March, 1919, and that on the 12th day of March, 1925, the Commissioner was without authority of law to make assessments of any income tax for the year 1918 against either of the petitioners herein.

> *Order of redetermination will be entered on 15 days' notice, under Rule 50.*