## APPEAL OF MRS. D. SYDNEY SMITH.

Docket No. 3262.    Decided July 26, 1926.

1. JOINT RETURNS OF HUSBAND AND WIFE.—A return purporting to contain all of the gross income produced by or accruing to both husband and wife, although made in the husband's name only, is a joint return in accordance with the statute.

50144°—27——28

2. STATUTE OF LIMITATIONS.—The statute of limitations contained in section 277(a)(2) of the Revenue Act of 1924 and section 277 (a)(3) of the Revenue Act of 1926, in respect to income-tax returns for the calendar year 1917, began to run on the day following the filing of the original return, and its running can not in any way be affected or suspended by the later making of an amended return.

*Leslie J. Aker, Esq.*, for the petitioner.
*Thos. M. Wilkins, Esq.*, for the Commissioner.

Before ARUNDELL and LANSDON.

The Commissioner has determined a deficiency in income taxes for the year 1917 in the amount of $205.57, all of which is in dispute.

FINDINGS OF FACT.

The petitioner is a resident of the State of Idaho.

On March 8, 1918, D. Sydney Smith, husband of the petitioner, filed a joint income-tax return for the calendar year 1917, purporting to show the gross income and deductions of himself and wife. On May 2, 1921, separate amended returns were filed by petitioner and her husband in which the income for the year 1917 was reported on the community property basis.

The Commissioner reaudited the returns of the partnership of Fred W. Gooding & Son, Shoshone, Idaho, for the year 1917, and increased the inventory value of certain sheep and live stock owned by said partnership on December 31, 1917, which increased. the income of said partnership. By reason of such increase in the income of the partnership, the distributive shares of the partners were correspondingly increased. The proposed additional tax results from this adjustment.

Under date of March 6, 1925, the Commissioner mailed to petitioner a deficiency letter, dated on that day, in which he determined a deficiency against petitioner in the sum of $205.57.

OPINION.

ARUNDELL: This case was submitted on petition and answer, with the exception of the joint return filed by D. Sydney Smith on March 8, 1918, which return was offered as an exhibit by the Commissioner. The Commissioner contends that the statute of limitations fixing the time within which the tax may be assessed against petitioner began

to run from the date she filed her separate amended return, viz, May 2, 1921, and not from the date the joint return was filed by her husband.

It appears to have become the settled practice in the Treasury Department to accept separate individual income-tax returns by husband and wife in which the so-called community income may be equally divided between the two and the income tax computed upon such basis. This course was followed by the Treasury Department after the rendition by the Attorney General of an opinion holding, in effect, that community income could be separately reported by the husband and wife. It was by reason of the opinion of the Attorney General and the regulations of the Department that petitioner and her husband filed separate amended returns on May 2, 1921, in which they sought to report on the community property basis. It is not necessary in this opinion to determine whether the income in question is community income or, if it is community income, the right of petitioner and her husband to report the same in the manner attempted by them. The question for our determination is whether or not the statute of limitations began to run from the date of filing the original joint return or from the date petitioner filed her so-called separate amended return. A similar question was before the Board in the case of the *Appeal of Belle R. Weaver*, 4 B. T. A. 15, wherein it was held that the separate returns filed by husband and wife were merely amendments of the original joint return and related back to and became a part of the original joint return. The Board in that opinion stated that amended returns, not being returns required by law, do not furnish a starting point for the running of the statute of limitations, and " we are, therefore, brought to the conclusion that in each of the present cases the five-year statute of limitations provided for in section 277(a)(2) of the Revenue Act of 1924 began to run on the 16th day of March, 1919, and that on the 12th day of March, 1925, the Commissioner was without authority of law to make assessments of any income tax for the year 1918 against either of the petitioners herein."

Section 277(a)(3) of the Revenue Act of 1926, in so far as is here material, uses the identical language found in section 277(a)(2) of the Revenue Act of 1924.

We are satisfied, both on the plain wording of the statute and on the authority of the *Appeal of Belle R. Weaver*, *supra*, that the statute of limitations has run in this case and that the Commissioner is without authority to assess the proposed deficiency.

*Judgment for the petitioner.*