AMERICAN IRONING MACHINE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16048.    Promulgated December 17, 1926.

An appeal does not lie to this Board from the rejection of a claim filed for the abatement of taxes reported on the tax return of the petitioner. *Estate of Ballot,* 3 B. T. A. 583.

*George R. Jackson, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

This proceeding came on for hearing on the motion of the respondent to dismiss on the ground that the Board is without jurisdiction in the premises. The taxes in controversy are income and profits taxes for the calendar year 1920 in the amount of $26,000.

OPINION.

KORNER, *Chairman*: Petitioner is a corporation with its principal office in Chicago, Ill. On March 11, 1921, it filed its return of income for the calendar year 1920, pursuant to the Revenue Act of 1918. On such return it reported income and profits taxes in the amount of $141,549.54. At or about the time of filing this tax return, the petitioner paid to the collector the first installment of the tax reported. This payment was in the amount of $35,387.38, and left a balance unpaid of the tax reported in its return of $106,162.16.

The Commissioner assessed the tax of $141,549.54, as shown by the petitioner's return, on the March, 1921, assessment list. The list was signed by the Acting Commissioner on May 27, 1921. On July 27, 1922, an amended assessment list, covering the March, 1921, assessments, was signed by the Commissioner. The amendment to the assessment list thus made is not material to the issue here.

Thereafter, the petitioner discovered that it had made errors to its detriment in the computation and report of its income for 1920 and, accordingly, on April 14, 1923, filed with the Commissioner a claim in abatement in the amount of $105,826.26. This claim in abatement covered approximately the three unpaid quarterly installments of the 1920 tax reported by it. Thereafter, on November 5, 1924, the petitioner filed a so-called "Amended Return," in which it set up a recomputation of tax liability alleged by it to be a correct report of its tax liability for the calendar year 1920. The amount of tax shown therein was $78,810.81.

The Commissioner caused an examination to be made of the matter under consideration and the report of such examination recommended that the tax reported and assessed, as above set out, should be abated by the amount of $23,351.37. After certain hearings and negotiations in the premises, the Commissioner allowed the claim in abatement to the amount of $24,467.74 and rejected it in the amount of $81,358.52. He notified the petitioner of his action in respect of its claim in abatement, by letter dated April 27, 1926.

The petitioner filed a petition with this Board on May 17, 1926. On June 29, 1926, the Commissioner filed a motion to dismiss on the ground that the tax in question was duly assessed in 1921 on the return, and in the amount shown in such return by the petitioner, and that the Commissioner has not, at any time since, determined a deficiency in respect of the petitioner's tax for the year 1920; but that the only action taken by him has been to abate, at the request of the petitioner, a portion of the tax reported by it on its return. The Commissioner, accordingly, contends that there has been no determination of a deficiency in tax, and that he has not at any time notified the petitioner of a deficiency, so as to give the petitioner a right of appeal to this Board.

In this position of the Commissioner we concur. The facts set forth herein are on all fours with those appearing in *Estate of Ballot*, 3 B. T. A. 583, and the decision there is controlling in the instant proceeding.

The Board is without jurisdiction and the appeal must be dismissed for that reason.

*So ordered.*