## APPEAL OF MRS. W. A. TURNER.

Docket No. 4162.     Promulgated January 8, 1927.

STATUTE OF LIMITATIONS.—The petitioner's husband, for each of the years 1917, 1918, and 1919, made and filed joint returns for himself and his wife. *Held*, that the statute of limitations began to run against an assessment of a proposed deficiency against the wife on the day when such joint returns were filed. *Appeal of Belle R. Weaver*, 4 B. T. A. 15, followed.

*George S. Atkinson, Esq.*, for the petitioner.
*R. P. Smith, Esq.*, for the Commissioner.

TRUSSELL: On March 23, 1925, the Commissioner mailed to this petitioner a deficiency letter, asserting deficiencies in tax for the

three years 1917, 1918, and 1919, aggregating $11,712.11, plus a penalty in the amount of $1,283.84, and referred to a preliminary letter dated January 21, 1925, in which these deficiencies were set forth and described as follows:

| | |
|---|---:|
| 1917 deficiency in tax | $174. 17 |
| 1918 deficiency in tax | 6, 419. 22 |
| 1919 deficiency in tax | 6, 402. 56 |
| Total | 12, 995. 95 |

In explaining part of such deficiencies, this last letter said:

Your share of the joint income determined on community property basis is $30,466.86 subject to a tax of $5,135.38 and penalty of $1,283.84 for 1918.

\* \* \* \* \* \* \*

Net income for 1919 has been computed as $40,209.49 subject to a tax of $6,402.56.

On May 11, 1925, the petitioner filed her appeal, alleging that she had no separate income during any of the years mentioned; that all the income of the marital community was produced by the business in which her husband was engaged; that he had made income-tax returns including all such income; and she further pleaded the statute of limitations as a complete defense against any proposed assessment.

In his answer the Commissioner admitted that the statute of limitations had run against the proposed deficiency for the year 1917, and alleged that the petitioner and her husband originally filed joint returns for the years 1917, 1918, and 1919, and that the husband later requested that the joint income be taxed equally to himself and his wife as community property and that the wife did not concur in this request.

### FINDINGS OF FACT.

During all the taxable years herein mentioned the petitioner was a married woman living with her husband and now resides at Dallas, Tex. During those years she had no separate income and no income other than her statutory interest in the gains, profits, and income arising from the businesses in which her husband was engaged. She filed no income-tax returns, separate from the joint returns made by her husband for each of said years. At no time did she sign any agreement consenting or requesting that the income received from the businesses carried on by her husband should be treated as community income and divided between her husband and herself for income-tax purposes.

The petitioner's husband, W. A. Turner, was during the taxable years engaged in the business of oil well drilling contracting. For

the year 1917 he made income and profits-tax returns on Forms 1040 and 1101, showing a net income in his contracting business of $7,080, subject to a tax, as computed in the return, of $139.20. These returns were filed with the collector of his district on March 31, 1918. For the year 1918 he made a return on Form 1040, showing a net income from his contracting business of $9,600, subject to a tax, as computed, of $600, and this return was filed with the collector of his district on March 27, 1919.

For the year 1919 he made an income-tax return on Form 1040–A, showing the net income from his contracting business and sales of property and oil leases in the amount of $3,891.95, and computed a tax thereon in the amount of $51.58. This return was filed in the office of the collector of his district on March 9, 1920.

Each of these returns was, and is, admitted by the Commissioner to have been a joint return of husband and wife. Thereafter, an examining agent making a field investigation reported finding that the said husband, W. A. Turner, had been interested in various transactions involving the purchase and sale of oil leases from which there had resulted considerable sums of gains and profits, and the Commissioner, on the basis of this investigation, asserted deficiencies in taxes which he allocated equally to husband and wife.

The five-year period within which assessments could have been made in respect to the joint return filed March 31, 1918, expired on March 31, 1923. The five-year period within which assessments could have been made respecting the joint return filed March 27, 1919, expired on March 27, 1924. The five-year period within which assessments could have been made respecting the joint return filed March 9, 1920, expired on March 9, 1925. The deficiency letter of March 23, 1925, was mailed 13 days after the running of the statute of limitations respecting the last of the three years here under consideration. *Appeal of Belle R. Weaver*, 4 B. T. A. 15. There is no deficiency against this petitioner for any of those years.

> *Judgment will be entered for the petitioner in due course.*