ESTELLE B. SARGENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20493.  Promulgated April 22, 1931.

*T. Keeley, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

BLACK: The petitioner's principal contention is that the return filed May 16, 1918, by her husband was a joint return, and that the statute of limitations, in regard to both husband and wife, started to run with the filing of this return. The respondent takes the position that this return was not the return of petitioner, but that, on the contrary, the first return filed by her was the one reporting the same income on a community property basis, filed August 18, 1921, and that the deficiency letter mailed August 26, 1926, was timely.

The respondent urges that on account of the husband's failure to state in the informatory questions on the return that it was intended as a joint return, it can not be so considered. There is no doubt from the record that the original return was made with the intention of including all the income from the marital community. The wife had no separate property and she did not earn any separate income during the taxable year. The fact that respondent was fully advised that the return filed by Edward Sargent, May 16, 1918, was a joint return of himself and wife, Estelle B. Sargent, is shown by certificate of overassessment to Edward Sargent, dated June 21, 1922, in which the Commissioner stated:

An audit of your income tax return for 1917, Form 1040, and examination of related claim (if any), indicates that the amount of tax assessed to you for this year was in excess of the amount due:

Your claim is based on the statement that you desire to take advantage of the privilege of filing returns on the community property basis in accordance with Treasury Decision 3138.

An examination of the *joint return* shows a net income of $65,447.73 subject to normal tax and surtax, personal exemption of $2,200.00 and a tax liability

of $9,168.27. Your amended return and the return filed by your wife on the community property basis each shows net income of $32,724.37 * * *. (Italics supplied.)

The facts in the instant case are practically identical with those in *Belle R. Weaver et al.*, 4 B. T. A. 15, except that in the *Weaver* cases the husbands reported that no separate returns were filed by the wives. We there said:

The forms of returns filed on May 27, 1921, contain no facts concerning gross income or allowable deductions which were not contained in the returns made on March 15, 1919. The forms last filed purported only to divide the same gross income and the same allowable deductions equally between husband and wife in each case. Such forms of return are simply amendments of the original joint returns and relate back to and become a part of the original joint return. The Board has held in the *Appeals of National Refining Co. of Ohio*, 1 B. T. A. 236; *Mabel Elevator Co.*, 2 B. T. A. 517; and *New York Trust Co.*, 3 B. T. A. 583, that amended returns, not being returns required by law, do not furnish a starting point for the running of the statute of limitations * * *.

From a consideration of all the facts, we are of the opinion that the original return of the husband was a joint return and accordingly the rule laid down in *Belle R. Weaver et al., supra*, should be followed. See also *Mrs. D. Sydney Smith*, 4 B. T. A. 385; *Mrs. W. A. Turner*, 5 B. T. A. 1006; and *Mrs. Fred W. Gooding*, 4 B. T. A. 388.

Petitioner's plea of the statute of limitations against the deficiency asserted by respondent in this proceeding is sustained.

In view of our holding that the proposed deficiency is barred by the statute of limitations, we are not called upon to decide whether the respondent has taken into consideration in making his computation the $2,766.93 which was deducted from the original payment of the husband.

*Decision will be entered for the petitioner.*