Walter E. Olsen v. Commissioner.
Olsen v. Commissioner
Docket No. 14110.
United States Tax Court
1948 Tax Ct. Memo LEXIS 180; 7 T.C.M. (CCH) 305; T.C.M. (RIA) 48086; May 26, 1948
*180 John M. Dunn, Esq., 216 Dixon Square Bldg., Westerly, R. I., for the petitioner. L.C. Duersten, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $200 in the income tax liability of petitioner for the year 1944. As narrowed by the facts, the issue is: - Was the return filed for the year 1944 a joint return of petitioner and his wife? The question arises from the following facts: Petitioner is an individual who resides in Westerly, Rhode Island. On or about March 1, 1945, petitioner filed with the collector of internal revenue for the District of Rhode Island, a Form W-2 (Rev.) wherein petitioner claimed as dependents his wife, Thomasine Olsen, his daughter Kathleen, Honoria T. O'Connell, grandmother of Mrs. Olsen, and Mary H. O'Connell, an aunt of Mrs. Olsen. During the calendar year 1944, Honoria T. O'Connell and Mary H. O'Connell lived with petitioner at his home and he furnished their chief support. The return was filed under the following circumstances: Petitioner and his wife had theretofore always filed joint returns but were not familiar with Form W-2, which could be filed as a return. This *181 Form W-2 had been issued to petitioner by C. B. Cottrell & Sons Company, by whom petitioner was employed. It was issued in the name of Walter E. Olsen. Petitioner and his wife desired and intended to file a joint return. Being in doubt as to their right to claim the grandmother and aunt as dependents, petitioner and his wife consulted an accountant, who in turn sent them to the deputy collector of internal revenue in Westerly, Rhode Island. They explained the situation and he advised them to claim the two relatives. Petitioner could not properly claim the two relatives as joint dependents unless he and his wife filed a joint return. The deputy then assisted them in filling out the form. The question whether Mrs. Olsen filed a separate return was answered "No". Petitioner signed the return in the presence of his wife and the deputy. When she started to sign, the deputy advised that since the wife had no income it was not necessary for her to sign. For this reason, she failed to attach her signature. Petitioner and his wife left the form with the deputy for filing and it was duly filed. The claim of dependency of the two elderly persons was originally allowed by the collector's office *182 and petitioner received a refund of $188.08. Subsequently, on audit the return was held to be a separate return and a deficiency of $200 was determined against petitioner, whereupon petitioner filed his proceeding before this Court. If the intention of the parties to file a joint return is clearly established, - if the answers to the stated questions are consistent with the joint return, - if the failure to sign be reasonably and convincingly explained, - in short, if the pertinent evidence all aggregated suggests such a conclusion, a return may be a joint return although not signed by one of the spouses. Such is the case here. The parties had always filed joint returns theretofore. The evidence is clear and uncontradicted that they desired and intended to file a joint return for the taxable year. This is not a case where the parties originally filed separate returns and later desired to amend by filing a joint return. The only reason the wife did not sign the return as filed was that when she started to sign, the deputy advised her that having no income it was not necessary for her to sign. On the return the question whether a separate return was being made for the wife was answered *183 "No". The testimony is clear and convincing. We have no reason to discredit it in any part. We hold that the return as filed was a joint return, entitling petitioner under the statute (25 (b) (3) (D) and (G)) to claim as dependents the grandmother and the aunt of his wife. Myrna S. Howell, 10 T.C. No. 115 (May 17, 1948); Anderson v. United States, 48 Fed. (2d) 201; Thomas v. United States, 22 Fed. (2d) 1000; and Mrs. D. Sydney Smith, 4 B.T.A. 385. Decision will be entered for the petitioner.