### APPEAL OF MABEL ELEVATOR CO.

Docket No. 1110.   Submitted August 5, 1925.   Decided September 8, 1925.

The time within which deficiencies of tax under the 1918 Act must be assessed runs from the date of filing the original return, if such return is not false or fraudulent. Filing an amended return does not extend such time.

After the period of limitations for assessing tax has expired, such tax may not be assessed upon the theory that a taxpayer, who made his returns on a fiscal year basis, should have made them upon a calendar year basis and that therefore the returns required by statute had not been filed by the taxpayer.

*Charles H. Preston*, C. P. A., for the taxpayer.
*John D. Foley*, Esq., for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

Taxpayer appeals from a determination of a deficiency of $2,915.73, income and profits taxes for the period from July 31, 1917, to December 31, 1917.

### FINDINGS OF FACT.

1. The taxpayer was incorporated May 25, 1914, under the laws of the State of Minnesota.

2. It filed its income and profits-tax returns annually from its incorporation to July 31, 1923, on the basis of a fiscal year ended July 31.

3. The taxpayer, during the period from 1914 to 1923, closed its books on or about July 10 or July 15 of each year. Practically no business is transacted between these dates and July 31.

4. The taxpayer did not file a return for the five months' period beginning August 1 and ending December 31, 1917. On October 29, 1918, before the passage of the Revenue Act of 1918, taxpayer filed its return for the period from August 1, 1917, to July 31, 1918. On April 21, 1919, after the 1918 Act became effective, taxpayer filed a second return for the same period. On August 12, 1921, taxpayer filed a so-called " amended return," for the same period.

5. On May 28, 1924, the taxpayer was instructed by the Commissioner of Internal Revenue to file returns for years subsequent to 1918 on a calendar year basis. On September 25, 1924, this instruction was revised so as to require the taxpayer to file a calendar year return for the year 1918, also.

6. The Commissioner prepared a tax return for the taxpayer for the five months' period ended December 31, 1917, and on December 3, 1924, the Commissioner forwarded to the taxpayer by registered mail a 60-day letter proposing the assessment of additional income and profits taxes of $2,915.72 for the five months' period beginning August 1 and ending December 31, 1917. The proposed deficiency is predicated upon an income of $16,294.50 and an invested capital of $22,893.18, both being upon a 12 months' basis, the tax being reduced to the basis of a period of five months.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

PHILLIPS: On October 29, 1918, taxpayer filed a return of its income for the period from August 1, 1917, to July 31, 1918. Thereafter the Revenue Act of 1918 was passed, affecting a part of the year for which such return had been filed and subsequently on April 21, 1919, taxpayer filed a second return for this same period, apparently for the purpose of complying with the provisions of that Act. Such second return was required by the 1918 Act if taxpayer was correct in filing its return on the basis of a fiscal year ending July 31, 1918.

Section 277(a)(2) of the Revenue Act of 1924 provides that the amount of income or profits taxes imposed by "the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed." The deficiency letter from which this appeal was taken was mailed to the taxpayer more than five years after the return was filed on April 21, 1919, and the limitation of time within which taxes must be assessed had expired.

The Commissioner urges two contentions upon which he relies to avoid this limitation:

(1) It appears that on August 12, 1921, taxpayer filed what purported to be an amended return for the period from August 1, 1917, to July 31, 1918. It has already been held by this Board that the filing of an amended return does not toll the period of limitations set out in section 277(a)(2) of the Revenue Act of 1924. *Appeal of National Refining Co. of Ohio*, 1 B. T. A. 236.

(2) It is urged that since the return filed by the taxpayer was made upon a fiscal year basis, while the law required a return upon a calendar year basis, the return filed was not the return required by the law and could not operate to start running the statutory period of limitations. With this we can not agree. The return filed purported to be made in accordance with the law; it purported to and did include the income of the taxpayer for the period in question. In the absence of any evidence or claim that such return was false or fraudulent with intent to evade tax, it became the duty of the Commissioner to determine, within the time provided by law, whether or not such return was erroneous in any respect.

There can be no doubt that such limitations are placed on assessments for the purpose of assuring the taxpayer, who has made an honest return, that after such period his tax liability will not be reopened; otherwise the business of the country would always have before it the threat of additional taxes against the income of years long past whenever a new theory for interpreting the tax law or for the application of accounting principles occurred to the taxing authorities. If the limitation can be avoided on the plea that the return filed was not such a return as is required by law, although filed in good faith, there is no such assurance for the taxpayer and the limitation becomes of doubtful value at least. If the statute requires any interpretation great weight must be given to the purpose which it was obviously intended to accomplish.

Reaching the conclusion that we do, it is not necessary to consider whether taxpayer was entitled to make and file its return for the period in question on the basis of a fiscal year ending July 31.

ARUNDELL not participating.