## APPEAL OF F. A. HALL CO., INC.

Docket No. 4612.     Submitted November 9, 1925.     Decided April 3, 1926.

STATUTE OF LIMITATIONS.—The consolidated income and profits-tax return for the year 1918, made on behalf of taxpayer and its associated company and containing the facts respecting gross income and allowable deductions required by section 239 of the Revenue Act of 1918, it appearing that said return was neither false nor fraudulent, was the return of each of said corporations required by the then existing law, and the statute of limitations, section 277 (a) (2) of the Revenue Act of 1924, began to run on April 14, 1919, the day following the day on which said return was filed with the collector of the district

within which each of said corporations maintained its principal office. On and after April 8, 1925, the Commissioner was without authority under the law to then assess taxes for 1918 against the taxpayer.

*William A. Graham, Esq.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the period from January 1 to July 31, 1918, amounting to $3,385.30, as disclosed by a deficiency notice mailed April 8, 1925. The taxpayer pleads the statute of limitations as a complete defense to the deficiency determined by the Commissioner.

### FINDINGS OF FACT.

The taxpayer was a Rhode Island corporation with its office at 35 Pine Street, Providence. The company is no longer doing business and was formally dissolved February 11, 1925. Prior to August 1, 1918, taxpayer and the Universal Optical Corporation were in no way connected or affiliated. On that date the entire capital stock of the taxpayer was purchased by the Universal Optical Corporation, both corporations then existing under the laws of the State of Rhode Island and doing business in the City of Providence.

The taxpayer was a tool-manufacturing company in Providence, and the Universal Optical Corporation was selected by the Government to manufacture telescopic sights for tanks. These were very intricate and complicated instruments. The telescopic sights for the tanks had not been built or made up until the tanks were practically completed, and these telescopic sights were necessary. The taxpayer was the only available company in Providence that had any equipment which was adaptable for the manufacture of these sights. To fill the Government orders the taxpayer company was taken over by the Universal Optical Corporation on August 1, 1918.

For the purpose of complying with the requirements of the Revenue Act of 1918, in respect to the making of income and profits-tax returns for the calendar year 1918, the taxpayer and the Universal Optical Corporation caused to be prepared, on the form prescribed and furnished by the Commissioner, a consolidated return for said corporations for the calendar year 1918. On a typed schedule attached to the official form there were set up, in parallel columns and on lines numbered 1 to 25, inclusive, following the numbering of lines on Schedule A of said official form, items of gross income and deductions allowed by law of both Universal Optical Corporation,

F. A. Hall, Inc., and a consolidation of each item separately, in words and figures as follows:

|  | Universal Optical Corporation. | F. A. Hall, Inc. | Consolidated. |
|---|---|---|---|
|  | $229,057.06 | $45,371.58 | $274,428.64 |
|  | 171,663.78 | 38,130.31 | 209,794.09 |
|  | 57,393.28 | 7,241.27 | 64,634.55 |
|  |  |  |  |
|  |  |  |  |
|  | 2,263.58 |  | 2,263.58 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  | 1.78 | 1,536.63 | 1,538.41 |
|  | 59,658.64 | 8,777.90 | 68,436.54 |
|  | 8,958.90 | 3,876.42 | 12,835.32 |
|  | 9,965.29 | 3,363.20 | 13,328.49 |
|  |  |  |  |
|  | 2,353.67 | 2,127.07 | 4,480.74 |
|  | 356.78 | 196.48 | 553.26 |
|  | 200.30 | 1,010.66 | 1,210.96 |
|  | 5,290.95 |  | 5,290.95 |
|  |  | 7,918.60 | 7,918.60 |
|  |  |  |  |
|  | 27,125.89 | 18,492.43 | 45,618.32 |
|  | 32,532.75 | 9,714.53 | 22,818.22 |
|  | 21,061.77 |  | 21,061.77 |
|  | 11,470.98 | 9,714.53 | 1,756.45 |

The consolidated items were transferred to the identical numbered lines of Schedule A of the official form. There was also attached to the said official form other typed schedules showing:

(1) Reconciliation of net profits per books with taxable income and consolidation of the same.

(2) A tabulated statement showing the cost of goods sold.

(3) Statement of interest deduction.

(4) Description of items of other income.

(5) Tabulated statement of ordinary and necessary expenses of each corporation in parallel columns.

(6) Statement of salaries paid by each company during the years 1916 to 1918, inclusive.

(7) Statement of depreciable assets and amount written off during the year for each company.

(8) Statement and description of claim for amortization of equipment purchased for use in manufacturing war material.

(9) Computation of Universal Optical Corporation's loss on purchase of F. A. Hall, Inc.

(10) Balance sheets of both companies for the year ended December 31, 1918, and consolidation of items in parallel columns.

(11) Balance sheets of both companies at the end of the year 1917 and consolidation of items in parallel columns.

(12) Statement showing credits and charges to surplus of Universal Optical Corporation during the year 1918.

(13) Statement showing credits and charges to surplus of F. A. Hall, Inc., during the year 1918.

In the tabulated statements numbered 9 and 13, as above described, it is clearly set forth and shown that "net gain F. A. Hall, Inc., January 1, 1918, to July 31, 1918, [was] $7,746.34 [and that the] net loss August 1, 1918, to December 31, 1918, [was] $21,337.61."

E. J. R. Beattey was treasurer of the Universal Optical Corporation throughout the year 1918. At the time the above-described consolidated return was made, he was treasurer of both the Universal Optical Corporation and F. A. Hall, Inc., and as such treasurer of both corporations he executed and acknowledged the foregoing described return. Said return was filed in the office of the collector of the district of Connecticut, within which the principal office of the taxpayer corporation was then located, on the 13th day of April, 1919, which day was prior to the end of the extended time within which corporations were permitted to file income and profits-tax returns for the calendar year 1918.

OPINION.

TRUSSELL: There is presented to us for consideration only the question of whether, on April 8, 1925, the Commissioner was barred by the statute of limitations from asserting and proposing to assess income and profits taxes against this taxpayer for the calendar year 1918, or for any part of that year. Section 277 (a) (2) of the Revenue Act of 1924 is the statute of limitations governing the issue here presented and reads as follows:

The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, *shall be assessed within five years after the return was filed,* and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

The position of the Commissioner is set forth in the deficiency letter in the following language:

As no *separate return* was filed by you for the above-mentioned period the statute of limitations upon the assessment of the above deficiency for the period involved, as outlined in section 277 (a) (2) of the Revenue Act of 1924 does not apply.

When it became the duty of the corporate taxpayer to make income and profits-tax returns for the calendar year 1918, the Revenue Act

of 1918 was in force, and its provisions defined the duties of corporate taxpayers in respect to the making of income and profits-tax returns. Section 239 of that Act provided:

That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer.

And section 240 (a) contained this provision:

That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return.

Internal Revenue Regulations No. 45, published as T. D. 2831 under date of April 16, 1919, and purporting to be the authorized regulations of the Treasury Department respecting the administration of the provisions of the Revenue Act of 1918, contained, in Article 634, the following provision:

*Change in ownership during taxable year.*—When one corporation owns substantially all the stock of another corporation at the beginning of any taxable year, but during the taxable year sells all or a majority of such stock to outside interests not affiliated with it, or when one corporation during any taxable year acquires substantially all the capital stock of another corporation with which it was not previously affiliated, a full disclosure of the circumstances of such changes in ownership shall be submitted to the Commissioner. In accordance with the peculiar circumstances in each case the Commissioner may require separate or consolidated returns to be filed, to the end that the tax may be equitably assessed.

For the purposes of this appeal it is admitted that the only return made by F. A. Hall, Inc., for the year 1918 was the consolidated return described in the foregoing findings of fact, and, therefore, the issue here resolves itself into a determination of whether such consolidated return was the return required by section 239 of the Revenue Act of 1918.

No substantial change was made in the language of this paragraph during the years when the Revenue Act of 1918 and Regulations 45 were in force. The first specific reference in the Department regulations calling for separate returns from affiliated corporations for any portion of a taxable year during which the affiliation did not exist, appeared in the following language:

In either case the subsidiary or subordinate corporation whose status is changed during the taxable year should make a separate return for that part of the taxable year during which it was outside of the affiliated group.

which was added to article 634 of Regulations 62, prepared under the Revenue Act of 1921 and published under the approval date of February 15, 1922.

An examination of the form of income-tax return made and filed on April 13, 1919, as a consolidated return for the Universal Optical Corporation and F. A. Hall, Inc., shows conclusively that that return stated " specifically " the items of gross income and the items of deductions of F. A. Hall, Inc., for the calendar year 1918, as required by section 239 above quoted. The testimony shows that said form was signed and sworn to by E. J. R. Beattey, who was the then treasurer of said company, and thus was in substantial compliance with the statutory provisions respecting the making of income and profits-tax returns. The said form also complied with article 634 of Regulations 45 in respect to furnishing " a full disclosure of the circumstances of such changes in ownership " of taxpayer's stock which had occurred during the year. The typed Schedule A–19 recites:

The F. A. Hall, Inc., #36 Garnet Street, Providence, Rhode Island, was purchased and taken over by the Universal Optical Corporation on August 1, 1918.

In typed Schedule A–23 it is said:

Net gain F. A. Hall, Inc., January 1, 1918 to July 31, 1918 [was] $7,746.34.

The same schedule recites:

The stock of the F. A. Hall, Inc., was purchased by the Universal Optical Company at an amount much in excess of its then book value on the strength of government contracts which later proved a loss largely through cancellation.

When the consolidated return on behalf of this taxpayer and its associated company was made and received by the Commissioner, there was then in effect a statute of limitations contained in the Revenue Act of 1918, section 250 (d), in the following language:

* * * the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made.

So far as the record of this appeal shows, no steps were taken by the Commissioner to inquire concerning, or to investigate, the tax liability under the return as filed until on or about April 8, 1925, when the deficiency notice was mailed to the taxpayer—nearly six years after the filing of the return. There is nothing in the record which indicates that at any time during that six years the Commissioner either advised the taxpayer or called upon it in any manner to furnish a separate return for that part of the year 1918 during

which affiliation did not exist. The statutes of limitation exist only by virtue of legislative enactments, and the times when they begin to run and the conditions of their running must also be governed wholly by legislative enactments.

We have therefore arrived at the conclusion that, as to this taxpayer, in respect to its income and profits-tax return for the calendar year 1918, or any part thereof, the statute of limitations began to run on the day following the filing of the consolidated return, and that on April 8, 1925, the Commissioner was barred by the provisions of section 277 (a) (2) of the Revenue Act of 1924 from assessing any deficiency in tax against said corporation for the year 1918.

*There is no deficiency and it will be so ordered.*

TRAMMELL dissents.