## APPEAL OF NATIONAL TANK & EXPORT CO.

Docket No. 3274.   Submitted July 7, 1925.   Decided April 16, 1926.

JURISDICTION.—Under section 279 of the Revenue Act of 1924, the Board is without jurisdiction to hear and determine an appeal from a jeopardy assessment prior to the rejection of a claim for abatement. Following *Appeal of Oakdale Coal Co.*, 1 B. T. A. 773.

STATUTE OF LIMITATIONS.—A consolidated return for two or more corporations, made in accordance with sections 239 and 240 (a) of the Revenue Act of 1918, is the return required by law of each of the corporations whose net income and deductions are included therein. The period of limitation provided by section 277 (a) (2) of the Revenue Act of 1924 began to run on the day following the date of the filing of such consolidated return. See *Appeal of F. A. Hall Co.*, 3 B. T. A. 1172.

*Gordon C. Carson, Esq.*, for the taxpayer.
*P. S. Crewe, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal is taken from determinations of deficiencies in income and profits taxes asserted in respect to a period of four months ended April 30, 1918, and the fiscal years ended April 30, 1919, and April 30, 1920, in the amounts of $4,545.32, $11,096.70, and $2,184.79, respectively.

The taxpayer's petition alleges three specific errors: (1) Refusal to recognize that the taxpayer and the American Naval Stores Co. were affiliated corporations during all of the periods involved; (2) failure to determine and assess alleged deficiencies within the times prescribed by statute of limitations; (3) failure to credit against alleged deficiencies a payment made by the taxpayer in the amount of $3,500.

In his answer the Commissioner admitted certain specific allegations of fact.

FINDINGS OF FACT.

The taxpayer is a Georgia corporation with principal office at Savannah.

The deficiency letter covering 1918 was mailed to the taxpayer on February 17, 1925. No deficiency letters covering 1919 and 1920 have been received by the taxpayer, but the Commissioner during March, 1925, commenced summary proceedings for the collection of alleged deficiencies for those years, assessment of same having been made as stated in his letter dated December 29, 1924, above mentioned.

The taxes in controversy are income and profits taxes for the four-month period ended April 30, 1918, and for fiscal years ended April 30, 1919 and 1920, and in the aggregate are more than $10,000.

During the entire taxable periods in question, slightly over 73 per cent of the entire outstanding voting capital stock of taxpayer (there having been no nonvoting stock) was owned by the American Naval Stores Co.

A separate tentative return for the calendar year 1918 was filed by the taxpayer with the collector of internal revenue at Atlanta, Ga., on or before March 15, 1919, showing an estimated amount of tax due of $14,000 and requesting an extension of 45 days within which to file a completed return, which was granted.

Within said period of extension, a consolidated return of taxpayer and said American Naval Stores Co. was filed for the calendar year 1918, showing no tax due.

Amended returns for the four-month period ended April 30, 1918, and for fiscal years ended April 30, 1919 and 1920, were filed on or shortly after September 28, 1922, as required by the Commissioner per his letter August 14, 1922, IT: SA: CR: AF–MHS.

The Commissioner's letter of December 29, 1924, IT: CA–2333–6, stated that, under section 274(d) of the Revenue Act of 1924, taxes of $11,096.70 for 1919 and $2,184.79 for 1920 had been assessed.

Notice and demand for payment of these taxes was mailed by J. T. Rose, collector at Atlanta, Ga., January 6, 1925.

Claims for abatement of these taxes were mailed to said collector in due course.

The letter from said collector dated January 16, 1925, demanded bond of $14,000 against the claim for abatement of $11,096.70.

The taxpayer, in a letter dated January 19, 1925, stated the impossibility of furnishing bond.

At various times during the month of March, 1925, said collector, through his deputy or deputies, filed a notice of lien against the property of taxpayer in Chatham County, Ga., and also served notice upon the Citizens & Southern Bank, where taxpayer's funds are deposited, not to pay out further moneys upon taxpayer's check.

For a period of about 30 years the taxpayer has been engaged in the business of public warehousing and of storing spirits of turpentine. During all of the years 1918, 1919, and 1920, a little more than 73 per cent of all the outstanding capital stock of the taxpayer was owned by the American Naval Stores Co., a corporation existing under the laws of West Virginia, and said American Naval Stores Co. was a large distributing house which controlled several factories or receiving houses and also owned and operated tank cars, naval stores yards, and all the facilities necessary in the general conduct of a naval stores business. It was a dominant company in the naval stores trade at that time and was later prosecuted by the United States Government for a violation of the Sherman Antitrust Act. Through its ownership of 73 per cent of the taxpayer's capital stock the American Naval Stores Co. named the majority of the board of directors of the taxpayer; and the board of directors so chosen at the regular stockholders' meetings controlled all the policies and the business of the taxpayer.

During the periods here under consideration, and for some years prior thereto, the taxpayer had regularly kept its books of account on the basis of fiscal periods ending on April 30th of each year but, under the provisions of revenue acts in force prior to 1918, it had made income-tax returns on the basis of calendar years.

On or before March 15, 1919, the taxpayer caused to be filed with the collector of internal revenue at Atlanta, Ga., a so-called tentative return and estimate of corporation income and profits taxes for the year ended December 31, 1918, then estimating the amount of tax due in the sum of $14,000. Said tentative return was accompanied by the taxpayer's check payable to the collector in the amount of $3,500, and the check was retained by the collector and paid through the Federal Reserve Bank at Atlanta on March 18, 1919. The tentative return also contained a request for an extension of time of 45 days within which to file a completed return, which request was granted by the collector on March 14, 1919. Within the extended period of 45 days, the taxpayer, in conjunction with the American Naval Stores Co., filed with the collector at Atlanta a consolidated income and profits-tax return, and similar consolidated returns were thereafter filed for the same companies for the calendar years 1919 and 1920. The American Naval Stores Co. kept its books of account on the basis of calendar years, and each of said consolidated returns for the years 1918, 1919, and 1920, showed no taxable net income for any of said years.

After the filing of the consolidated return for the year 1918 the taxpayer made a claim for the refund of $3,500 paid to the collector in March, 1919, and said claim has heretofore been duly rejected by the Commissioner.

On or about August 14, 1922, the taxpayer received advice from the Commissioner that it and the American Naval Stores Co. could not be held to be affiliated corporations and that separate returns for the years 1918, 1919, and 1920, would be required of it. In compliance with said advice the taxpayer caused to be prepared separate income and profits-tax returns for its fiscal periods ended on April 30 of each of the above-mentioned years and forwarded the same to the Commissioner on or about September 28, 1922.

### OPINION.

TRUSSELL: Upon the record of facts admitted and proved as above set forth, the taxpayer rests its appeal.

Respecting the assessments for the years 1919 and 1920, it appears that on or about December 29, 1924, the Commissioner made so-called jeopardy assessments for which the taxpayer filed claims for abatement but omitted the furnishing of a bond as required by section 279 (a) of the Revenue Act of 1924; that up to the date of the hearing of this appeal such claims had not been acted upon by the Commissioner nor had the taxes assessed been collected. Under similar statements of fact the Board has held in the *Appeals of Oakdale Coal Co.*, 1 B. T. A. 773, and *California Associated Raisin Co.*, 1 B. T. A. 1251, that the Board is without jurisdiction to consider and determine appeals, and, in accordance with the views of the Board as set forth in the cases just cited, the taxpayer's petition, in so far as it relates to deficiencies asserted for the periods ended April 30, 1919, and April 30, 1920, is hereby dismissed.

As to the asserted deficiency for the period ended April 30, 1918, notice of which was conveyed to the taxpayer by a deficiency letter dated February 17, 1925, the taxpayer pleads both the statute of limitations as a complete bar, and the allegation that, during the time covered by the alleged deficiency, the taxpayer was affiliated with the American Naval Stores Co., and that under the consolidated return made for the two companies no liability to income and profits taxes could be found.

The Commissioner has specificially admitted that, within 45 days after the 15th of March, 1919, a consolidated income and profits-tax return was made and filed for and on behalf of this taxpayer, together with the American Naval Stores Co. It thus appears that such consolidated return was filed with the proper collector not later than May 1, 1919, and that such return was made in accordance with the requirements of sections 239 and 240 (a) of the Revenue Act of 1918, and article 633 of Regulations 45, as first published, the same being Treasury Department regulations then existing respecting the making and filing of consolidated returns, which article is as follows:

WHEN CORPORATIONS ARE AFFILIATED.—Corporations will be deemed to be affiliated (*a*) when one domestic corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (*b*) when substantially all the stock of two or more domestic corporations is owned or controlled by the same interests. The words "substantially all the stock" can not be interpreted as meaning any particular percentage, but must be construed. according to the facts of the particular case. The owning or controlling of 95 per cent ·or more of the outstanding voting capital stock (not including stock in the treasury) at the beginning of and during the taxable year will be deemed to constitute an affiliation within the meaning of the statute. Consolidated returns may, however, be required even though the stock ownership is less than 95 per cent. When the stock ownership is less than 95 per cent, but in excess of 50 per cent, a full disclosure of affiliations should be made, showing all pertinent facts, including the stock owned in each subsidiary or affiliated corporation and the percentage of such stock owned to the total stock outstanding. Such statement should preferably be made in advance of filing the return, with a request for instructions as to whether a consolidated return should be made. In any event such a statement should be filed as a part of the return. The words "the same interests" shall be deemed to mean the same individual or partnership or the · same individuals or partnerships, but when the stock of two or more corporations ·is owned by two or more individuals or by two or more partnerships a consolidated return is not required unless the percentage of stock held by each individual or each partnership is substantially the same in each of the affiliated corporations.

It thus appears that not later than May 1, 1919, there was made and filed, on behalf of this taxpayer and the American Naval Stores Co., a return which complied in all substantial respects with the provisions of law and the Department regulations then in force respecting the making of income and profits-tax returns. Such a return was the return required by law and the statute of limitations began to run on the day following the filing of such return. The date of the Commissioner's deficiency letter in the instant case is more than five years after the filing of such return, and, in accordance with the views of the Board in the *Appeal of F. A. Hall Co.*, 3 B. T. A. 1172, we are of the opinion that on February 17, 1925, the Commissioner was without authority to assess any deficiency in income and profits taxes for the taxpayer's period ended April 30, 1918.

The testimony taken at the hearing has established the fact that the taxpayer paid to the collector of its district in March, 1919, the sum of $3,500 as and for income and profits taxes for the period covered by the calendar year 1918. It does not appear, however, from the record of this appeal that the Board has jurisdiction to make any finding as to the Commissioner's duty in respect to accounting for the amount of such payment.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*

TRAMMELL, dissenting: I am unable to concur in the foregoing opinion for the reason that section 239 requires every corporation to file a return. This is modified by section 240, which is applicable only to affiliated corporations. These corporations were not affiliated and it is not claimed in this proceeding that they were affiliated. The fact that they considered that they were when the consolidated return was filed is not material. The taxpayer does not now contend that the action of the Commissioner in rejecting the consolidated return was not in accordance with law. Not coming within the scope of section 240, the corporations are required by section 239 to file a return. The taxpayer, not having filed a return as required by law, the period of limitation provided in section 277 (a) (2) does not have application. The limitation does not begin to run until a return as required by law is filed by the taxpayer.