## APPEAL OF MATTEAWAN MANUFACTURING COMPANY.

Docket No. 7923.     Decided September 23, 1926.

1. The so-called tentative return, for the taxable year 1918, filed by the petitioner on or about March 15, 1919, is not the return contemplated to be filed by the provisions of section 239 of the Revenue Act of 1918. *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856.

2. The consolidated return, for the taxable year 1918, filed by the petitioner and the Henderson Estate Co. on or about May 9, 1919, made in accordance with sections 239 and 240 (a) of the Revenue Act of 1918, is the return required by law of each of the corporations whose net income and deductions are included therein. *Appeal of F. A. Hall Co.*, 3 B. T. A. 1172, and *Appeal of National Tank & Export Co.*, 3 B. T. A. 1217.

3. The return referred to in section 273 of the Revenue Act of 1924 is, for the purposes of this appeal, the return required by section 239 of the Revenue Act of 1918, and not the so-called tentative return; and "the amount shown as the tax by the taxpayer upon his return," within the purview of section 273 of the Revenue Act of 1924, is the amount shown as the tax by the petitioner on the return required by section 239 of the Revenue Act of 1918, which is, in this case, the consolidated return.

4. The so-called tentative return, for the taxable year 1918, filed by the petitioner on or about March 15, 1919, showed an estimated tax liability of $40,000 which was assessed against it on the collector's books, on or about October 6, 1919. The consolidated return, for the taxable year 1918, filed by the petitioner and the Henderson Estate Co., showed a total tax liability of $33,303.44, of which $31,638.29 was shown as the petitioner's proportion of the tax, which it paid. The Commissioner determined the tax liability of the two companies, on a non-affiliated basis, to be

$35,147.96 for the petitioner and $422.93 for the Henderson Estate Co., and refunded to the latter the difference between the total consolidated tax and its tax computed on a separate basis, or $32,880.51. The petitioner filed a claim for the abatement of the $40,000 assessment, made on the basis of the tentative return, which the Commissioner, by letter dated August 10, 1925, proposes to allow in the amount of $4,852.04 and reject in the amount of $35,147.96. *Held,* that the proposed rejection in part of the claim for abatement is, to the extent that the amount of the rejection exceeds the tax shown by the petitioner on its return, to wit, $3,509.67, a determination of a deficiency by the Commissioner after June 2, 1924, and that jurisdiction lies in the Board to hear and determine the appeal.

*Richard E. Dwight, Esq.,* for the petitioner.
*P. S. Crewe, Esq.,* for the Commissioner.

KORNER, *Chairman:* The Commissioner has moved to dismiss for lack of jurisdiction in the Board to hear and determine the appeal, on the ground that the tax, the claim for the abatement of which he proposes to reject in part, was assessed prior to the enactment of the Revenue Act of 1924, and that, since the passage of that Act, the Commissioner has not proposed to assert an additional tax as a deficiency. The evidence is meagre; but the facts upon which we base our opinion are those contained in the pleadings which are undisputed.

On or about March 15, 1919, the petitioner filed, with the collector of internal revenue for the second district of New York, a tentative income and profits-tax return for the year 1918, showing an estimated tax liability of $40,000, and paid to the collector the sum of $10,000, being the first quarterly installment of said estimated tax. This estimated tax liability of $40,000 was assessed against the petitioner on the collector's records on or about October 6, 1919, and it is this assessment in respect of which the petitioner filed a claim for abatement, the rejection of which in part is the cause of petitioner's appeal to this Board.

On or about March 15, 1919, the Henderson Estate Co. filed a tentative income and profits-tax return for the year 1918, showing an estimated tax liability of $4,000, and paid to the collector the sum of $1,000, being the first quarterly installment of said estimated tax. The estimated tax liability was not assessed against the Henderson Estate Co. on the collector's records.

On or about May 9, 1919, the petitioner and the Henderson Estate Co. filed a consolidated return of net income and invested capital, showing a total tax liability of $33,303.44, divided as follows:

| | |
|---|---:|
| Matteawan Manufacturing Co | $31,638.29 |
| Henderson Estate Co | 1,665.15 |
| Total consolidated tax | 33,303.44 |

The consolidated return contained all the information necessary for a correct determination of the tax liability of the separate companies.

The total tax liability shown on the consolidated return was, in accordance with the then existing practice, assessed on the collector's records against the company whose name first appeared upon the return, which, in this case, was the Henderson Estate Co.

Against the consolidated tax liability, as it stood charged on the collector's records against Henderson Estate Co., the collector credited the payments of $10,000 and $1,000, made by the petitioner and the Henderson Estate Co., respectively, at the time of filing their tentative returns. The total of these two payments, to wit, $11,000, was sufficient to cover the first installment of the consolidated tax liability and all but $5,651.72 of the second installment which would fall due on the following June 15th.

On June 15, 1919, the petitioner paid to the collector the sum of $5,651.72, being the balance due on the second installment of the consolidated tax liability. On September 15, 1919, and again on December 15, 1919, the petitioner paid to the collector the sum of $8,325.86, being the third and fourth installments, respectively, of the consolidated tax liability. At this point the entire consolidated tax liability had been paid, $32,303.44 by the petitioner and $1,000 by the Henderson Estate Co., and there was still pending on the collector's records an assessment of $40,000 against the petitioner which had been assessed on the tentative return.

Under date of August 19, 1921, in a letter bearing the symbols IT : SA : CR : AF HLW–9, the Commissioner advised the Henderson Estate Co. that it and the petitioner were not affiliated during the taxable year 1918. Under date of August 21, 1923, in a letter bearing the symbols IT : SA : CR : D CMG : AF, the Commissioner advised the Henderson Estate Co. that it and the petitioner were affiliated corporations during the taxable year 1918. Under date of June 21, 1924, in a letter bearing the symbols IT : E : AF CEL, the Commissioner advised the Henderson Estate Co. that it and the petitioner were not affiliated with each other during the taxable year 1918. The latter appears to have been the Commissioner's final ruling on the matter of affiliation.

By letter dated November 6, 1924, bearing symbols IT : CR : C JJMcD, the Commissioner advised the petitioner that an examination of its return for the year 1918 disclosed a deficiency as follows:

| | |
|---|---|
| Total tax liability | $35,147.96 |
| Previously assessed | None. |
| Tax to be assessed | 35,147.96 |

Said letter also advised the petitioner that it had 30 days within which to protest " against this determination of a deficiency."

On or about November 19, 1924, in accordance with a request of a representative of the collector of internal revenue for the second district of New York, the petitioner filed a claim for the abatement of the assessment of $40,000 which had been made on the basis of its tentative return. The rejection in part of this claim is the cause of petitioner's appeal to this Board.

On or about January 27, 1925, by letter bearing symbols IT : CR : C JJMcD, the Commissioner advised the Henderson Estate Co. of an overassessment of taxes for the years 1918 and 1919, and requested that company to file a claim for refund therefor. In compliance with that request, the Henderson Estate Co. filed a claim for refund of taxes for the year 1918, in the amount of $32,880.51, which amount appears to have been computed as follows:

| | |
|---|---:|
| Total consolidated tax liability paid_____ | $33, 303. 44 |
| Less: Total tax liability of Henderson Estate Co. computed on separate basis_____ | 422. 93 |
| Amount of refund claimed_____ | 32, 880. 51 |

Certificate of overassessment in the amount of $32,880.51 was issued to the Henderson Estate Co., under date of January 25, 1925, and on or about June 10, 1925, said Henderson Estate Co. received a check on the Treasurer of the United States refunding to it the said sum of $32,880.51, together with interest.

Under date of August 10, 1925, by letter bearing the symbols IT : CR : C JDK, the Commissioner notified the petitioner that its claim for abatement of 1918 taxes, in the amount of $40,000, would be allowed for $4,852.04 and rejected for $35,147.96, in the next schedule to be approved by him. The petitioner received from the collector of internal revenue for the second district of New York a notice and demand for tax, dated September 28, 1925, giving notice that there had been assessed against it the sum of $35,147.96, as balance of tax for the year 1918, plus interest of $14,059.18 from December 15, 1918, to August 22, 1925, making a total of $49,207.14.

We express no opinion as to whether or not the assessment made against the petitioner, in the amount of $40,000, on the basis of its tentative return, and the assessment of the entire consolidated tax liability against the Henderson Estate Co., were proper assessments; nor as to whether or not the refund made to the Henderson Estate Co. in excess of the amount actually paid by it, or in excess of that portion of the consolidated tax for which it was liable on the face of the return, was a proper refund. If the assessments and the refund as made were not proper, those are matters involving purely administrative errors with which we are not concerned. It is for us

to determine whether on the facts before us there has been a determination of a deficiency by the Commissioner after June 2, 1924; if so, jurisdiction obtains in this Board to hear and determine the appeal; otherwise, the Commissioner's motion to dismiss must be granted.

The Revenue Act of 1924 expressly defines the term " deficiency " as follows:

Sec. 273. As used in this title the term " deficiency " means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax.

The Commissioner submits, as one of the grounds upon which he bases his motion, that the taxes, in respect of which the petitioner's claim for abatement pertains, were assessed prior to the enactment of the Revenue Act of 1924. But that alone does not deprive this Board of jurisdiction to hear and determine the appeal. The statute does not define deficiency as the amount by which the correct tax exceeds the amount previously assessed by the Commissioner, but rather as the amount by which the correct tax exceeds *the amount shown as the tax by the taxpayer upon its return*, increased by amounts previously assessed or collected as a deficiency and decreased by amounts previously repaid in any manner. It might well be the case that a taxpayer showed one amount as the tax on its return and the Commissioner, through error or otherwise, assessed a different and higher amount, and subsequently determined that the correct tax was greater than that shown by the taxpayer on its return but less than the amount previously assessed. Certainly, under such circumstances, the Commissioner would not be heard to say that, because the correct tax, as he determined it to be, was less than the amount he had previously assessed, though greater than the amount shown by the taxpayer on its return, he had not determined a deficiency.

Before we can apply the test laid down by the statute and thereby ascertain whether there has been a determination of a deficiency by the Commissioner, we must first determine which of the two documents, the tentative return or the consolidated return, is the return referred to in section 273 of the Revenue Act of 1924. The tentative return filed by the petitioner on or about March 15, 1919, is not the

return contemplated by the provisions of section 239 of the Revenue Act of 1918. Thus, it was held in the *Appeal of Dallas Brass & Copper Co.*, 3 B. T. A. 856, 864, that—

The return required by the statute is a document prepared in such a manner as to set forth the information called for in the above quotation from section 239 of the Revenue Act of 1918. The form filed by the taxpayer on March 12, 1919, contained none of the information required by section 239, above quoted. We must, therefore, treat this tentative return only as a request for an extension of time within which to file the return, accompanied by a statement that the taxpayer complied with the Commissioner's requirement of making a payment of one-fourth of the amount of tax estimated to be due, and that this taxpayer, having availed itself of the extension offered by the Commissioner to it and all other taxpayers in similar circumstances, can not now, with any degree of propriety, claim that the simple form used by it, containing none of the information required by the statute, was a return which could start the running of the statute of limitations.

The return referred to in section 273 of the Revenue Act of 1924 is, for the purposes of this appeal, the return contemplated by the provisions of section 239 of the Revenue Act of 1918; and, since the tentative return filed by the petitioner is not the return contemplated by the provisions of section 239 of the Revenue Act of 1918, it is not the return referred to in section 273 of the Revenue Act of 1924, and the estimated tax shown on the tentative return is not "the amount shown as the tax by the taxpayer upon his return" within the purview of section 273 of the Revenue Act of 1924. The statement on the face of the tentative return of the estimated tax was not an acknowledgment or admission by the petitioner that the amount thereof was its correct tax liability. It was what it purported to be— the petitioner's best estimate of the tax when based upon a completed return.

The only document filed by the petitioner which was prepared in accordance with the provisions of section 239 of the Revenue Act of 1918, was the consolidated return of net income and invested capital which it filed for itself and the Henderson Estate Co. on or about May 9, 1919. Such consolidated return containing, as it did, all of the information necessary to a determination of the tax liability of the separate companies, was the return of the petitioner within the purview of section 239 of the Revenue Act of 1918, *Appeals of F. A. Hall Co.*, 3 B. T. A. 1172, and *National Tank & Export Co.*, 3 B. T. A. 1217; and, *a fortiori*, it is the return referred to in section 273 of the Revenue Act of 1924, and the amount of the tax shown by the petitioner on said consolidated return, to wit: $31,638.29, is the "amount shown as the tax by the taxpayer upon his return" within the purview of section 273 of the Revenue Act of 1924. The amount shown as the tax on that return has not been increased by any previous assessment (or collection made without

assessment) as a deficiency, nor has the amount shown as the tax upon that return been decreased by any amounts abated, credited, refunded, or otherwise repaid to the petitioner in respect of such tax.

Stripped to their essential elements then, the facts are: The petitioner filed a return and showed a tax thereon of $31,638.29, the entire amount of which has been paid. The Commissioner had previously made an assessment, based upon a tentative return, of $40,000, for which the petitioner filed a claim for abatement. The Commissioner subsequently determined the petitioner's correct tax liability to be the sum of $35,147.96, an amount less than that previously assessed but greater than the tax shown by the petitioner upon its return. Clearly, then, the result of the Commissioner's proposed rejection in part of the claim for abatement is a deficiency determination in the amount of $3,509.67, representing the amount by which the correct tax liability, as computed by the Commissioner, exceeds the tax shown by the petitioner on its return. Since the Commissioner's deficiency letter bears date of August 10, 1925, which is subsequent to the enactment of the Revenue Act of 1924, the Board has jurisdiction to hear and determine the appeal. The Commissioner's motion to dismiss this proceeding is denied. The Commissioner is granted 60 days from the date hereof in which to file answer to the appeal.