STETSON & ELLISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8736. Promulgated April 3, 1928.

*James A. Councilor, Esq.,* and *Robert H. McNeill, Esq.,* for the petitioner.

*Thomas M. Wilkins, Esq.,* for the respondent.

**OPINION.**

MORRIS: The sole question presented by this proceeding is whether the assessment and collection of taxes determined as a result of the returns filed by the petitioner in February, 1924, are barred by the statute of limitations. Section 277 (a) 2 of the Revenue Act of 1924 provides:

The amount of income, excess-profits, and war-profits taxes imposed by * * * the Revenue Act of 1918, * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

The Revenue Act of 1926 (section 277 (a) 3) contains a similar provision. Section 239 of the Revenue Act of 1918 reads in part as follows:

That every corporation subject to taxation under this title * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. * * *

Section 240 of the same Act provides:

(a) That corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return: * * *

In any case in which a tax is assessed upon the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * * *

Article 637 of Regulations 45, promulgated as Treasury Decision 2831, approved by the Secretary April 16, 1919, reads in part as follows:

Subject to the provisions covering the determination of taxable net income of separate corporations, and subject further to the elimination of inter-company transactions, the consolidated taxable net income shall be the combined net income of the several corporations consolidated * * *. In respect of the statement of gross income and deductions and the several schedules required under form 1120, a corporation filing a consolidated return is required to prepare and file such statements and schedules in columnar form to the end that the details of the items of gross income and deductions for each corporation included in the consolidation may be readily audited.

The same language is used in article 637 of Regulations 45, 1920 Edition.

Libby, McNeill & Libby, hereinafter referred to as the parent company, filed a tentative consolidated return for the year 1918 on March 15, 1919, in which the estimated net income of the petitioner was included, and on June 16, 1919, it also prepared and filed a consolidated income and excess-profits-tax return showing therein that the petitioner was one of the consolidated group. On or about March 15, 1920, the parent company prepared and filed a consolidated income and excess-profits-tax return for the year 1919 in which it included the income of the petitioner as it did in the preceding taxable year, and at or about the same time it also filed a so-called " information return," on Form 1122, for the year 1919, in which it informed the respondent that the net income and invested capital of the petitioner for the year 1919 were included in its consolidated return. In February, 1924, upon the demand and insistence of the collector of internal revenue, the petitioner filed returns showing therein its net income for the years 1918 and 1919 unconsolidated.

The preliminary question to be disposed of is the date when the return contemplated by the statute was filed. The petitioner contends that said returns are those filed on June 16, 1919, and on March 15, 1920, for the years 1918 and 1919, respectively, and that, therefore, the period of limitation had expired before the assessments were made in June, 1925, and before the mailing of the notice of deficiency dated September 5, 1925. The respondent, on the other hand, contends that the returns filed by the petitioner itself in February, 1924, for the taxable years 1918 and 1919, were the returns contemplated by the said section of the Act.

We have already held in *Dallas Brass & Copper Co.*, 3 B. T. A. 856, that a tentative return such as was filed in the instant case was not "the return" required by the statute, and, therefore, we may eliminate those returns from our further consideration of the case.

The petitioner relies upon the decisions of the Board in *F. A. Hall Co.*, 3 B. T. A. 1172; *National Tank & Export Co.*, 3 B. T. A. 1217; *Matteawan Manufacturing Co.*, 4 B. T. A. 953; and *Kellogg Commission Co.*, 6 B. T. A. 771.

In *F. A. Hall Co.*, *supra*, the Universal Optical Corporation purchased all of the capital stock of that petitioner on August 1, 1918. The said Universal Optical Corporation prepared and filed a consolidated return for those two corporations on April 13, 1919, for the year 1918, in which the consolidated net income of the respective corporations was included. Certain other information, such as balance sheets, statements, etc., required by the respondent to accompany the return, was also furnished. On April 8, 1925, the respondent proposed an assessment against that petitioner for the period January 1 to July 31, 1918, or to the date when the capital stock of that petitioner was purchased by the Universal Optical Corporation. The petitioner therein pleaded the statute of limitations as a bar and the Board held that the statute began to run on the day following the filing of the consolidated return on April 13, 1919, and that, therefore, the assessment not having been made within the period of five years thereafter, the respondent was without authority under the law to then assess the taxes for the year 1918 against that petitioner. The Board said in that appeal that the return filed "was in substantial compliance with the statutory provisions respecting the making of income and profits-tax returns."

In *National Tank & Export Co.*, *supra*, the petitioner filed a consolidated income and profits-tax return on or about May 1, 1919, consolidating therein American Naval Stores Co., which complied "in all substantial respects with the provisions of the law and the Department regulations then in force." The respondent proposed a deficiency in tax against the petitioner there on February 17, 1925, against which it pleaded the statute of limitations as a bar. The Board held that the said assessment not having been made within five years after filing the said consolidated return (citing *F. A. Hall Co.*, *supra*), the respondent was without authority to make the proposed assessment.

In *Matteawan Manufacturing Co.*, *supra*, the petitioner filed a tentative income and profits-tax return for the year 1918 on or about March 15, 1919, showing its estimated tax liability, and at or about the same time, the Henderson Estate Co. filed a tentative income and profits-tax return for the same year, showing therein its estimated tax liability. Thereafter, on or about May 9, 1919, the petitioner

there, and the Henderson Estate Co., filed a consolidated return which contained all the information necessary for a correct determination of the tax liability of the separate companies. The respondent held that the petitioner in that case and the Henderson Estate Co. were not consolidated within the year 1918. The Board held in that case that the consolidated return, and not the tentative returns, was the only document prepared and filed in accordance with the provisions of section 239 of the Revenue Act of 1918.

In *Kellogg Commission Co.*, *supra*, the petitioner filed a return or returns for itself and various other companies on or before March 15, 1919, for the year 1918, and paid the taxes found to be due. On or before June 15, 1919, it filed a consolidated return for itself and those companies. Thereafter, the respondent notified that petitioner that the companies included in the consolidated return were not consolidated within the purview of the law and regulations. Thereupon the petitioner in that case filed separate amended returns in compliance with instructions of the respondent. A deficiency in tax was determined by the respondent and the petitioner was notified thereof on March 6, 1925. The petitioner having pleaded the statute of limitations as a bar against the levying of that assessment, the respondent contended that the statute of limitations did not begin to run until September 25, 1921, the day following the filing of the separate amended returns. The petitioner contended, on the other hand, that the statute began to run on the date of the filing of the consolidated return, or June 15, 1919, and that, therefore, the assessment was barred on June 16, 1924. The Board said in rendering judgment for the petitioner, after citing *F. A. Hall Co.*, *supra*, that the consolidated return complied " substantially " with section 239 of the Revenue Act of 1918.

The respondent distinguishes the instant case from *F. A. Hall Co.*, *supra*, and *National Tank & Export Co.*, *supra*, by reason of the fact that the parent company did not set forth " specifically " the items of gross income and invested capital of the petitioner as required by section 239, *supra*.

The language which seems to lend weight to the position taken by the respondent is found in *F. A. Hall Co.*, wherein it is said (p. 1177) : "An examination of the form of income-tax return made and filed * * * shows conclusively that that return stated ' specifically ' the items of gross income and the items of deductions * * *." We did not in that appeal intend by the language used to lay down an ironclad rule as the respondent seems to think. We simply said in that case that those conditions were present, we did not say that if those conditions had not been present that a different result would have been reached. The rule which the Board has laid down in cases similar to the instant case, if there can be

said to be a rule governing all cases, is that there must be a "substantial" compliance with section 239, *supra*. What constitutes a substantial compliance must necessarily vary according to the circumstances in each individual case. To require a literal compliance with section 239, *supra*, such as the respondent would have us do, would relegate the limitations provisions of the statutes to the discard.

We have held that the 1918 Act did not contemplate the filing of separate returns by each corporation when said corporation was included in a consolidated return. *Morris County Crushed Stone Co. et al.*, 6 B. T. A. 800. Section 240 of that Act provides that corporations which are affiliated shall make a consolidated return of net income and invested capital. Where corporations in good faith have filed such a consolidated return in substantial compliance with the statute and regulations, although it subsequently develops that all the corporations included therein are not affiliated within the meaning of the Act, that return starts the running of the limitation period. *National Tank & Export Co.*, *supra; Matteawan Manufacturing Co.*, *supra; Kellogg Commission Co.*, *supra*.

We consider the language used by the Board in *Mabel Elevator Co.*, 2 B. T. A. 517, of value in the instant case. In that case it was urged by the respondent that since the return filed by the taxpayer was made upon a fiscal year basis, while the law required a return upon the calendar year basis, the return filed was not the return required by the law and could not operate to start the running of the statute of limitations. The Board, in disagreeing with the contention urged, said:

The return filed purported to be made in accordance with the law; it purported to and did include the income of the taxpayer for the period in question. In the absence of any evidence or claim that such return was false or fraudulent with intent to evade tax. it became the duty of the Commissioner to determine, within the time provided by law, whether or not such return was erroneous in any respect.

There can be no doubt that such limitations are placed on assessments for the purpose of assuring the taxpayer, who has made an honest return, that after such period his tax liability will not be reopened; otherwise the business of the country would always have before it the threat of additional taxes against the income of years long past whenever a new theory for interpreting the tax law or for the application of accounting principles occurred to the taxing authorities. If the limitation can be avoided on the plea that the return filed was not such a return as is required by law, although filed in good faith, there is no such assurance for the taxpayer and the limitation becomes of doubtful value at least.

Where a consolidated return has been prepared and filed in good faith, and the names of the companies included in the consolidation are made clear to the respondent, and all of the "items of gross in-

come and the deductions " are included therein, although said items of income and deductions may not be in sufficient detail to enable the respondent to accurately compute the tax against each of the companies, there is a " substantial " compliance with the statute.

We are, therefore, of the opinion that the consolidated returns filed by Libby, McNeill & Libby on June 16, 1919, and on March 15, 1920, for the taxable years 1918 and 1919, are the statutory returns and that the period of limitation started to run the day following the filing of those returns. More than five years having elapsed since the filing of those returns, the Commissioner was without authority to make the assessments of June, 1925, and to assess the additional amounts proposed in the notice of deficiency of September 5, 1925.

Reviewed by the Board.

*Judgment will be entered for the petitioner on 10 days' notice, under Rule 50.*

ARUNDELL, dissenting: All of the income-tax statutes, beginning with the Revenue Act of 1913, provide for a return by the taxpayer. The entire policy of the law contemplates that the tax is to be computed and paid, based on the information contained in the return. The review by the tax collector is in the usual case a review of the information as reported by the taxpayer. It is the unusual case that is made the subject of an independent investigation and check by the Government. If the return is to serve any useful purpose it follows that it must be one that substantially complies with the law. To hold otherwise would make ineffective the administration of the taxing system.

The specific question we have to decide is whether or not petitioner filed a return that substantially satisfies the requirements of the statute. A consolidated return was filed in which this petitioner's gross income and deductions were commingled with those of other taxpayers. The findings of fact specifically state that from the return made the gross income and deductions of this taxpayer could not be identified. Section 239 of the Revenue Act of 1918 provides:

That every corporation subject to taxation under this title * * * shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title.

Section 240 of the same Act provides for a consolidated return in a proper case and contains the further provision that in the absence of an agreement between the members of the consolidated group, the tax shall be assessed against each company on the basis of the net income properly assignable to each. Treasury Decision 2831, promulgated pursuant to the statute, also called for information covering the gross income and deductions of the separate corporations composing the group.

None of this information was furnished. We have then a return, so far as this petitioner is concerned, from which the Commissioner would be unable to compute the tax even though he was ready to accept the taxpayer's own statement of his income and deductions. How can such a return be said to substantially comply with the law when it fails to give any of the information required by law? Moreover, this petitioner does not claim that it is affiliated with the company that purported to make a return for it, nor has it made any showing that there was a reasonable basis for reporting its income and deductions commingled with those of other taxpayers. It has now made a separate return disclosing the information from which its tax may be computed. That is its return as I see it, and the limitation period not having run from the date of that return at the time the deficiency notice was sent, assessment is not barred by limitation.

LITTLETON and TRAMMELL concur in this dissent.