MATTEAWAN MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7923.   Promulgated December 18, 1928.

*Richard E. Dwight, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

OPINION.

LANSDON: In our settlement of the issues of this proceeding we must determine: (1) Which, if any, of the letters addressed by the Commissioner to the petitioner is a deficiency notice under the provisions of section 279 of the Revenue Act of 1924, and (2) the nature, effect, and authority of and for the assessment made on October 6, 1919, whether such assessment was based on a return required by law, and if so, whether its collection is barred by the five-year period of limitation then in force, or is governed by the six-year period provided by the Revenue Act of 1924.

In denying the respondent's motion to dismiss this proceeding for lack of jurisdiction in this Board we held that the respondent's letter

of August 10, 1925, is a deficiency notice within the meaning of section 279 of the Revenue Act of 1924. *Appeal of Matteawan Mfg. Co.*, 4 B. T. A. 953. Upon authority of that decision we now proceed to consideration of the merits of the issues in controversy.

On June 12, 1919, the petitioner and the Henderson Manufacturing Co. filed a consolidated return which was at first rejected, afterwards accepted, and finally rejected by the Commissioner. That return which is in evidence here sets forth the basis upon which affiliation was claimed and among other things asserts that a very large majority of the stock of each of the two corporations was owned by the other or by interests that were alleged to be identical. We are of the opinion that upon the record there was sufficient basis for the taxpayers to conclude that they were entitled to file a consolidated return. This return was accompanied by the information returns of the two corporations, as required by law, and includes or has attached thereto schedules containing all the information necessary to the determination of the tax liability of the two corporations either as an affiliated group or as separate taxable entities. In passing on the question of jurisdiction to hear this proceeding, we have already held that the consolidated return filed on June 12, 1919, was the return required by section 239 of the Revenue Act of 1918. *Appeal of Matteawan Manufacturing Co., supra.* Upon a further consideration of the record we adopt the result there reached as our conclusion and opinion in the instant proceeding. *Appeal of F. A. Hall Co.*, 3 B. T. A. 1172; *Appeal of National Tank & Export Co.*, 3 B. T. A. 1217.

On October 6, 1919, the Commissioner made a separate assessment against the petitioner in the amount of $40,000 of the tax liability based on the tentative return filed on March 15, 1919. On November 6, 1924, the Commissioner made a second separate assessment in the amount of $35,147.96, based on the information contained in the consolidated return and, in the accompanying letter, stated that there was then no previous assessment against the petitioner. Whether the Commissioner regarded the assessment made on October 6, 1919, as a perfunctory recognition of the liability theretofore acknowledged by the petitioner or whether such assessment was based on the tentative return filed on March 15, or the consolidated return filed on June 12, 1919, is not material, since the assessment was made on the basis of returns of the taxpayer then in the possession of the Commissioner and at a date when he had the authority so to assess. It follows, then, that the five-year statutory period under the Revenue Act of 1918 within which the respondent could proceed to collect by proceeding in court, distraint, or otherwise, began to run on June 12, 1919.

The Revenue Act of 1924 was enacted on June 2 of that year, and on that date the collection of the assessment of October 6, 1919,

was not barred. It follows, therefore, under section 278(d) of such Act, that the Government had six years from the date of such assessment in which to begin action for collection. The 6-year period had not expired at August 10, 1925, and on that date authority to collect the deficiency herein asserted was not barred by the statute of limitations. *United States* v. *Russell*, 22 Fed. (2d) 249; *In re McClure Co.*, 21 Fed. (2d) 538; *United States* v. *Board*, 14 Fed. (2d) 459; *Art Metal Construction Co.*, 4 B. T. A. 493.

*Decision will be entered for the respondent.*