PEERLESS IRON PIPE EXCHANGE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 44755.   Promulgated June 29, 1931.

*Paul E. Shorb, Esq.,* for the petitioner.
*James R. Johnson, Esq.,* for the respondent.

901

## OPINION.

MARQUETTE: The respondent bases his determination of liability on the ground that petitioner was a transferee of the assets of the Rochester War Salvage Company, and contends that petitioner's consolidated return for the year 1921, unaccompanied by one on Form 1122, and executed by the officers of the Rochester company, did not comply with the law so as to make it a return for the latter company. Hence, he says, the return filed by the petitioner did not

start the running of the statute of limitations against the Rochester War Salvage Company.

Section 240 (e) of the Revenue Act of 1921, provides:

(e) Corporations which are affiliated within the meaning of this section shall make consolidated returns for any taxable year beginning prior to January 1, 1922, in the same manner and subject to the same conditions as provided by the Revenue Act of 1918.

It is provided in section 240 (a) of the 1918 Revenue Act that:

(a) * * * corporations which are affiliated within the meaning of this section shall, under regulations to be prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income and invested capital for the purposes of this Title and Title III, and the taxes thereunder shall be computed and determined upon the basis of such return; * * *

Regulations 45, promulgated by the Commissioner and approved by the Secretary of the Treasury, and relating to the 1918 Act, provides as follows:

Art. 632.—*Consolidated returns.*—Affiliated corporations, as defined in the statute and in article 633, are required to file consolidated returns on form 1120. The consolidated return shall be filed by the parent or principal corporation in the office of the collector of the district in which it has its principal office. Each of the other affiliated corporations shall file in the office of the collector of its district form 1122, along with the several schedules indicated thereon. * * *

The respondent does not contend that because of the failure to file a return on Form 1122 he was unable to determine the amount of income tax due either from the petitioner or from the Rochester War Salvage Company. Indeed, the facts show that the consolidated return filed by the petitioner furnished the respondent with information as to the assets and liabilities, the gross income and the expenses of both companies; and it gave him the name and address of the parent company. The information in that return as amended to include also the Columbia Salvage Corporation was the basis upon which the respondent determined and assessed a deficiency against the Rochester War Salvage Company, and also the liability here involved. It is quite apparent, therefore, that the failure to file a return on Form 1122 did not in any way hinder or defeat the respondent in the performance of his duties, and that such failure is, at best, only a technicality in the present instance. No charge is made that petitioner was lacking in good faith when it filed its consolidated return.

In many decisions, both by this Board and by the courts, it has been held that where a taxpayer in good faith files a return, the fact that such return may have been defective in some respects did not prevent the running of the statute of limitations from the date

of such filing. *Mabel Elevator Co.*, 2 B. T. A. 517; sustained in *United States* v. *Mabel Elevator Co.*, 17 Fed. (2d) 109; *Stetson & Ellison*, 11 B. T. A. 397; affd., 43 Fed. (2d) 553. In the latter case it appeared that although the gross income, deductions and credits of the taxpayer were included in a consolidated return, its figures could not be separately identified from the face of the return. In holding that such consolidated return was sufficient to start the running of the statue of limitations, we said:

Where a consolidated return has been prepared and filed in good faith and the names of the companies included in the consolidation are made clear to the respondent, and all of the "items of gross income and the deductions" are included therein, although said items of income and deductions may not be in sufficient detail to enable the respondent to accurately compute the tax against each of the companies there is a "substantial" compliance with the statute.

That decision was affirmed by the Circuit Court of Appeals for the Third Circuit. The court gave consideration to *Lucas* v. *Pilliod Lumber Co.*, 281 U. S. 245, and to *Florsheim Bros. Dry Goods Co.* v. *United States*, 280 U. S. 453, the cases upon which respondent relies in the present proceeding, but found that they were not controlling. In the case of *Florsheim Bros. Co.*, it was held that the filing of a tentative return, on Form 1031-T, did not start the running of the period of limitation, for the reason that:

As Form 1031-T made no reference to income, or to deductions or credits, it could not have been intended as the return "stating specifically the items of * * * gross income, and the deductions and credits" * * * the return required to satisfy the statute.

In the case of the Pilliod Lumber Co., a tentative return was filed on Form 1031-T, properly signed and sworn to by the president and the treasurer of the company. Later the company filed a return on Form 1120, giving items respecting gross income, deductions, credits, etc., but not signed or sworn to by anyone. The Supreme Court held, following its decision in *Florsheim Bros. Co.*, *supra*, that the statute of limitations did not start running with the filing of the tentative return. It also held that filing the later return did not start the running of the statute, for the reason that such return was neither signed nor sworn to as the law requires.

In the present proceeding the return in question was not a tentative return on Form 1031-T, but was a full and complete return on Form 1120; it contained the items of gross income, and the deductions and credits, for both the petitioner and the Rochester War Salvage Company, and it was signed and sworn to by the petitioner's president and treasurer. These facts distinguish it from the *Florsheim Bros. Co.* case and the *Pilliod Lumber Co.* case, *supra*, and from *Lucas* v. *Colmer-Green Lumber Co.*, 49 Fed. (2d) 234.

But it may be urged that the *Stetson & Ellison* decision does not apply here, for the reason that in that proceeding a return on Form 1122 was filed. The only information to be gained from such a return which was not supplied by the consolidated return of the present petitioner would be the place and date of incorporation of the subsidiary company and the amount and par value of its capital stock. As we have already pointed out, the lack of such information did not prevent, and apparently did not hinder, the respondent from finding, and assessing, a deficiency against the subsidiary, and no complaint is made on that score. The purpose and function of all income-tax returns, on whatever form, is to furnish such information as will enable the respondent to proceed intelligently in determining the proper amount of tax to be assessed. In our opinion that was done by the petitioner when, in November, 1923, it filed its consolidated return. The requirements of the statute were thereby substantially complied with, sufficient to start the running of the statute of limitations. *Mabel Elevator Co., supra; Stetson & Ellison, supra; F. A. Hall Co.*, 3 B. T. A. 1172; *Kellogg Commission Co.*, 6 B. T. A. 771; *Myles Salt Co.* v. *Commissionr of Internal Revenue*, 49 Fed. (2d) 232. And the fact that an amended return was filed later does not start anew the running of the statute of limitations, nor extend its period. *Kellogg Commission Co., supra; Belle R. Weaver*, 4 B. T. A. 15; *Lancaster Lens Co.*, 10 B. T. A. 1153; *Northern Anthracite Coal Co.*, 21 B. T. A. 1116.

Section 277 (a) (2) of the Revenue Act of 1926; provides that:

That amount of income, excess-profits and war-profits taxes imposed by the Revenue Act of 1921, and by such Act as amended, for the taxable year 1921 and succeeding taxable years * * * shall be assessed within four years after the return was filed * * *.

By section 280 (b) of the same act it is provided that the period of limitation for assessment of liability of a transferee of property of a taxpayer shall be " within one year after the expiration of the period of limitation for assessment against the taxpayer."

The statute of limitations having started running as to the Rochester War Salvage Company on November 16, 1923, under section 277 (b) of the Revenue Act of 1926, as amended by section 504, Revenue Act of 1928, the period of limitation was completed, as to the Rochester company on March 16, 1928, and on March 16, 1929, the barrier of the statute was complete with respect to assessment of a liability, as transferee, against the petitioner. As no such liability was assessed or asserted within the prescribed period, the respondent is now precluded from asserting it.

*Judgment will be entered for the petitioner.*