KELLOGG COMMISSION CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3945.    Promulgated April 7, 1927.

A consolidated income and profits-tax return for 1918 was filed on behalf of the petitioner and associated companies on or before June 15, 1919. The Commissioner was barred by the statute of limitations, section 277(a)(2) of the Revenue Act of 1924, from further assessment of taxes after the expiration of five years from such date.

*J. A. Councilor, C. P. A.*, and *H. Stanley Hinrichs, Esq.*, for the petitioner.

*J. Harry Byrne, Esq.*, for the respondent.

Respondent proposes to assess against the petitioner, which claims to be one of a group of affiliated companies, additional income and profits tax for the year 1918 in the amount of $24,154.45. The petitioner has abandoned the issue in respect of affiliation raised in the pleadings and relies solely upon the statute of limitations as a bar to the proposed additional assessment.

FINDINGS OF FACT.

The petitioner is a Minnesota corporation with its principal office at Minneapolis. On or before March 15, 1919, it filed a return or returns in the office of the collector of internal revenue, St. Paul, Minn., on behalf of the George C. Bagley Elevator Co., the Royal Elevator Co., the Kellogg Commission Co., and the Atlantic Elevator Co., all of 54 Chamber of Commerce Building, Minneapolis, Minn. At the same time it sent to the collector four checks in pay-

ment of the taxes of these compan'es in the aggregate amount of $8,394. On or before June 15, 1919. it filed a consolidated return in the office of the collector at St. Paul for these four companies, which showed a total tax liability of $32,838.83, and forwarded to the collector the four checks in payment of the second installment due on June 15, 1919, of $8,025.42. The aggregate of the amounts paid in March and of the amounts paid in June is $16,419.42, or one-half of the amount of tax due shown by the consolidated return filed.

On August 13, 1921, a letter from the Commissioner at Washington, D. C., was received at the office of the collector at St. Paul, which reads in part as follows:

There has been received in this office consolidated income and profits tax returns filed by the Atlantic Elevator Company, 54 Chamber of Commerce, Minneapolis, Minnesota, for the calendar year 1918, which includes the net income and the invested capital of the George C. Bagley Elevator Company, Royal Elevator Company, Kellogg Commission Company and Atlantic Elevator Company all of 54 Chamber of Commerce, Minneapolis, Minnesota.

An examination of the returns discloses that the companies are not consolidated within the purview of the law and regulations. You are therefore requested to procure separate returns from the above-mentioned companies. prepared on Form 1120, and forward direct to this office without listing.

Please give this matter your prompt attention as the returns are required for action, and in reply reference should be made to the initials appearing above.

Amended returns were subsequently filed by the petitioner in compliance with departmental instructions.

On January 14, 1925, a so-called " 30-day letter " signed by J. G. Bright, Deputy Commissioner, was mailed to the petitioner, stating that an additional tax was due for the year 1918 in the amount of $24,154.45. The said 30-day letter reads in part as follows:

The additional tax for 1918 is assessable on the basis of the amended return filed by you September 24, 1921.

It has been ruled by the Department that your company was not affiliated with the Atlantic Elevator Company during 1918 and 1919.

If you protest against the determination of the deficiency, the Bureau desires to proceed in the regular manner to the consideration of any information submitted by you. However, the period within which the Commissioner may assess additional taxes for the years 1918 and 1919 will expire in the near future, and in order to avoid the necessity of making immediate assessment prior to such consideration, it is requested that you sign and return to this office the enclosed form of waiver.

The deficiency letter in this proceeding was mailed to the petitioner under date of March 6, 1925. The petition was filed with the Board on May 4, 1925.

OPINION.

SMITH: It is the contention of the respondent that the statute of limitations on the assessment of any additional tax for the year 1918

started to run on September 25, 1921, the day after the filing of an amended return for that year, and that he had five years from that date in which to make the additional assessment. The petitioner contends, on the other hand, that the statute of limitations started to run on the date of the filing of the consolidated return and that the assessment and collection of any additional tax for 1918 was barred on June 16, 1924.

We have heretofore decided the identical and sole question here at issue in the *Appeal of F. A. Hall Co.*, 3 B. T. A. 1172. In that appeal we held that a consolidated income and profits-tax return for the year 1918 made on behalf of a group of associated corporations, said return being neither false nor fraudulent, was the return of each of said corporations required by the then existing law, and that the statute of limitations, section 277 (a) (2) of the Revenue Act of 1924 began to run on the day following the filing of such return. See also *Appeal of National Tank & Export Co.*, 3 B. T. A. 1217, and *United States* v. *Whyel*, 19 Fed. (2d) 260.

Respondent was unable to produce the original consolidated return filed on behalf of the petitioner and others, but a copy of such return retained by the petitioner was introduced in evidence. The evidence is conclusive that the return was regular in form and complied substantially with the statutory requirements contained in section 239 of the Revenue Act of 1918. The statute, therefore, began to run in favor of the petitioner on the day following the filing of such return, to wit, not later than June 16, 1919. It follows that on March 6, 1925, the date on which the deficiency letter was mailed to the petitioner, the Commissioner was barred from further assessment of taxes for the year 1918.

*Judgment will be entered for the petitioner.*