*772 OPINION.
Smith:
It is the contention of the respondent that the statute of limitations on the assessment of any additional tax for the year 1918 *773 started to run on September 25, 1921, tbe day after the filing of an amended return for that year, and that he had five years from that date in which to make the additional assessment. The petitioner contends, on the other hand, that the statute of limitations started to run on the date of the filing of the consolidated return and that the assessment and collection of any additional tax for 1918 was barred on June 16, 1924.
We have heretofore decided the identical and sole question here at issue in the Appeal of F. A. Hall Co., 3 B. T. A. 1172. In that appeal we held that a consolidated income and profits-tax return for the year 1918 made on behalf of a group of associated corporations, said return being neither false nor fraudulent, was the return of each of said corporations required by the then existing law, and that the statute of limitations, section 277 (a) (2) of the Revenue Act of 1924 began to run on the day following the filing of such return. See also Appeal of National Tank & Export Co., 3 B. T. A. 1217, and United States v. Whyel, 19 Fed. (2d) 260.
Respondent was unable to produce the original consolidated return filed on behalf of the petitioner and others, but a copy of such return retained by the petitioner was introduced in evidence. The evidence is conclusive that the return was regular in form and complied substantially with the statutory requirements contained in section 239 of the Revenue Act of 1918. The statute, therefore, began to run in favor of the petitioner on the day following the filing of such return, to wit, not later than June 16, 1919. It follows that on' March 6, 1925, the date on which the deficiency letter was mailed to the petitioner, the Commissioner was barred from further assessment of taxes for the year 1918.

Judgment will be entered for the petitioner.